IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SASO GOLF, INC. | ) | |
| | ) | Civil Action No. 08 C 1110 |
| Plaintiff, | ) | |
| | ) | Judge Blanche M. Manning |
| v. | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| NIKE, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**SASO GOLF'S MOTION TO PERMIT DISCLOSURE OF
NIKE HIGHLY CONFIDENTIAL INFORMATION
TO SASO GOLF DESIGNATED EXPERT MARK C. MYRHUM**

Plaintiff Saso Golf, Inc. ("Saso Golf") moves for an order allowing it to disclose all information designated by Defendant Nike, Inc. ("Nike") as Confidential or Highly Confidential to Saso Golf's designated technical expert Mark C. Myrhum.

**I.    Background**

In this patent litigation between Saso Golf and Nike, the Court entered a Protective Order on September 11, 2008. *See* Ex. A, Protective Order. The Protective Order provides that the parties may designate information as Confidential or Highly Confidential. *Id*. at ¶ 2. The Protective Order also provides that prior to disclosure of any information designated as Highly Confidential to an expert, the receiving party shall give the producing party ten (10) days notice prior to such disclosure. *Id*. at ¶ 7(c). The Protective Order provides the producing party may object to the disclosure of such information to the proposed expert. *Id*. The Protective Order makes clear that it is the burden of the objecting or producing party to "establish[] the basis for the asserted objection." *Id*.

On August 6, 2009, Saso Golf notified Nike of its intention to use Mark C. Myrhum as an expert in this case. *See* Ex. B, August 6, 2009 letter from J. Ryndak to E. Maurer. Mr. Myrhum is employed by MCM Golf, Inc., a small golf industry consulting company based in Hartland, Wisconsin. *Id.*, Curriculum Vitae of Mark Myrhum. Mr. Myrhum is the owner and president of MCM Golf. *Id*. Mr. Myrhum has provided consulting services to golf company original equipment manufacturers in the fields of golf club research and development and testing, among other things. *Id*. He is also a named inventor on several United States patents. In other words, he is well qualified to act as an expert in this case that relates to infringement of a patent in the golf club field.

On August 20, 2009, Nike objected to the disclosure of information to Mr. Myrhum that Nike has designated as Highly Confidential. *See* Ex. C, August 20, 2009 letter from K. Fink to J. Ryndak. Nike's stated basis for its objection is the alleged "great risk of inadvertent use" by Mr. Myrhum of information that Nike has designated as Highly Confidential. *Id*. Nike states, "As a golf club designer, industry consultant and competitor of Nike, disclosure of the three categories of information listed above to Mr. Myrhum <u>poses a great risk of inadvertent use of the information</u> with concomitant prejudice to Nike in the marketplace." *See* Ex. C (emphasis added).

At Saso Golf's request, Ex. D, August 24, 2009 Letter from M. Suri to K. Fink, Nike stated that it is objecting to the disclosure to Mr. Myrhum of about eight-thousand (8000) pages of documents Nike produced in this case. *See* Ex. E, August 26, 2009 Letter from K. Fink to M. Suri. Nike's total document production to date is under seventeen-thousand (17,000) pages, so Nike objects to Saso Golf disclosing nearly half of

Nike's document production to Saso Golf's expert. Nike refers to the three categories which together comprise nearly 8000 pages as a "narrow" limit. *See id.*

Despite being specifically requested to do so, Nike was not able to identify any prior bad experiences with Mr. Myrhum nor any tangible, factual basis for its supposition of Mr. Myrhum's purported likely "great risk of inadvertent use" of Nike's information. *Id. See* Ex. C and E.

## II. Argument

### A. Nike's Complaint That Mr. Myrhum Is a "Competitor" to Nike is Irrelevant and Factually Wrong

Nike asserts that Mr. Myrhum is a "competitor of Nike" because "he is a named inventor on at least 6 golf club related patents and he has worked and consulted for NIKE's direct competitors in the development of golf club designs." Ex. E. Nike failed to identify any specific information to show that Mr. Myrhum personally presents a "great risk" to Nike, despite being requested to do so by Saso. *See* Exs. D and E. Thus, Nike's sole basis for its objection is that Mr. Myrhum works in the golf industry. Nike has not met its burden of establishing the basis for its objection.

Nike overstates what it means to be a "competitor." Nike's assertion that Mr. Myrhum is a "competitor" rests upon the fact that he has consulted for entities who may be "direct competitors" to Nike. *See* Ex. E. In fact, Mr. Myrhum does not compete with Nike. Mr. Myrhum is an individual who is knowledgeable about golf club design and has assisted other entities in golf club design and manufacturing.

But even if Mr. Myrhum did compete with Nike, it would not matter. The protective order entered by this Court protects Nike.

3

In fact, the purpose of the Protective Order is to guard against exactly what Nike complains about in its August 20, 2009 letter. The Protective Order restricts the use of a party's information designated as Confidential or Highly Confidential. *See* Ex. A at ¶¶ 2, 4, 7, 9, 13, 17, 19 and 20. If Nike learns of any such potential inappropriate use of its information, Nike can bring an action to promptly squelch such inappropriate use. Mr. Myrhum has submitted to the jurisdiction of this Court, so such action can take place quickly and expeditiously. Ex. B, Undertaking of Mark C. Myrhum ¶ 11.

### B. Nike's Objection of "Inadvertent Use" Has Already Been Ruled by This Court to Be Inadequate In a Similar Situation In This Litigation

Nike previously sought to restrict the practice of law by attorneys representing Saso Golf who were privy to information Nike designated as Highly Confidential. *See* Nike's Motion for Entry of A Protective Order, filed July 10, 2008, Docket No. 26. Specifically, Nike demanded the inclusion of a provision in the Protective Order that would have precluded Saso Golf's trial counsel, Ryndak & Suri, from prosecuting any patents in the golf club industry. *Id.* Nike's stated objection at that time was the "inadvertent disclosure" that would result. *See id.* at 2. The Court expressly rejected Nike's position, finding that Nike did not show good cause for restricting Saso Golf's trial counsel's ability to prosecute patents in the golf club industry. *See* Court Order dated August 8, 2008 at 3.

Nike's current objection to Mr. Myrhum is based on the same previously rejected objection. Nike states, "As a golf club designer, industry consultant and competitor of Nike, disclosure of the three categories of information listed above to Mr. Myrhum poses a great risk of inadvertent use of the information with concomitant prejudice to Nike in the marketplace." Ex. C (emphasis added). Tellingly, Nike fails to identify any basis as

4

to why Mr. Myrhum specifically might "inadvertently use" such information, as opposed to any other potential expert in the golf club industry that Saso Golf might choose. *See* Exs. C and D. This failure by Nike to substantiate its objection is not surprising, as the objection of "inadvertent use" is unfounded and baseless, and can be used in any situation, as Nike has shown by its second use of the objection here.

      C.    **Nike's Objection of the Possibility of "Inadvertent Use" of its Information Would Preclude Saso Golf From Using Any Expert In This Case**

Nike's objection of "inadvertent use" is a generic objection not tied to Mr. Myrhum personally. Nike offers no basis as to why Mr. Myrhum might "inadvertently use" Nike information, other than that he is in the golf industry. It is equally applicable to any golf expert Saso Golf might choose. Upholding Nike's objection on the basis of a possibility of "inadvertent use" of Nike's information would preclude Saso Golf from properly litigating this case. If Nike's rationale is followed, there would be no suitable golf expert that Saso Golf could obtain that would satisfy Nike. What makes a person a suitable expert is their knowledge of the golf industry, and their work in the golf industry. All potential Saso Golf experts who are suitable in this case would suffer from the same flaw in Nike's view, and would be subject to exactly the same baseless objection.

      D.    **Nike's Proposal to Have Saso Golf Make Specific Requests For Permission From Nike To Disclose Documents To Mr. Myrhum Is Untenable**

Nike apparently has determined that the 8000 pages of documents it objects to Mr. Myrhum viewing are neither "necessary nor relevant" to Saso Golf's legal strategy at this stage in the case. *See* Ex. C and E. Nike has offered to later (perhaps when Nike finally deems the documents to be necessary or relevant) "consider reasonable requests [by Saso Golf] to disclose documents to [Mr. Myrhum] on a case by case basis." *See* Ex.

5

E.  Saso Golf rejects this condescending offer by Nike to "*consider*" Saso Golf's "*reasonable requests*" to show its expert the materials.  It is not up to Nike to dictate to Saso Golf which documents, if any, it may disclose to its expert, and when such timing may occur.  Which documents Saso Golf may disclose to its expert and the timing of such disclosures is Saso Golf's protectable legal strategy and work product.  It is untenable to attempt to put Saso Golf in a position of being required to request permission from its adversary Nike for every document Saso Golf might show to its experts – and thus disclose to Nike a road map as to what Saso Golf's legal strategy might be.

### III.  Conclusion

Accordingly, Saso Golf respectfully requests an order stating that Saso Golf may disclose any and all Nike information designated as Confidential and Highly Confidential to Mark C. Myrhum.  A proposed order is attached.

Respectfully submitted,

SASO GOLF, INC.

Dated: August 28, 2009

/s/Mark K. Suri
By:   One of Its Attorneys

James D. Ryndak, #2435942
*ryndak@ryndaksuri.com*
Mark K. Suri, #6199636
*suri@ryndaksuri.com*
Eric H. Weimers, #6205977
*weimers@ryndaksuri.com*
**RYNDAK & SURI LLP**
200 West Madison Street
Suite 2100
Chicago, Illinois 60606
Tel:  (312) 214-7770
Fax:  (312) 214-7715

6

**CERTIFICATE OF SERVICE**

I, Mark K. Suri, an attorney, hereby certify that a true and correct copy of the foregoing document entitled SASO GOLF'S MOTION TO PERMIT DISCLOSURE OF NIKE HIGHLY CONFIDENTIAL INFORMATION TO SASO GOLF DESIGNATED EXPERT MARK C. MYRHUM was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF System on August 28, 2009. By operation of the Court's CM/ECF System, notice of this filing will be sent to the following registered filing users of the CM/ECF System, as listed on the Court's Notice of Electronic Filing:

> Christopher J. Renk (06199012)
> *crenk@bannerwitcoff.com*
> Erik S. Maurer (06275467)
> *emaurer@bannerwitcoff.com*
> Katherine L. Fink (06292806)
> *kfink@bannerwitcoff.com*
> **BANNER & WITCOFF, LTD.**
> 10 S. Wacker Drive, Suite 3000
> Chicago, Illinois 60606
> Telephone: (312) 463-5000
> Facsimile: (312) 463-5001

　　　　　　　　/s/Mark K. Suri
　　　　　　　　Mark K. Suri