IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SASO GOLF, INC. | ) | |
| | ) | Civil Action No. 08 C 1110 |
| Plaintiff, | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| NIKE, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## JOINT REASSIGNMENT STATUS REPORT

Pursuant to the Court's November 21, 2013 Order (Dkt. 175), the parties submit this Joint Reassignment Status Report.

**1. Nature of the Case**

    A. <u>Attorneys of record for each party</u>:

| Attorneys for Plaintiff Saso Golf, Inc. | Attorneys for Defendant Nike, Inc. |
|---|---|
| James D. Ryndak (2435942) | Christopher J. Renk (6199012) |
| ryndak@ryndaksuri.com | crenk@bannerwitcoff.com |
| Mark K. Suri (6199636) | Erik S. Maurer (6275467) |
| suri@ryndaksuri.com | emaurer@bannerwitcoff.com |
| Eric H. Weimers (6205977) | Katherine L. Fink (6292806) |
| weimers@ryndaksuri.com | kfink@bannerwitcoff.com |
| **RYNDAK & SURI LLP** | **BANNER & WITCOFF, LTD.** |
| 200 West Madison St. Suite 2100 | 10 S. Wacker Drive, Suite 3000 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| Tel: (312) 214-7770 | Tel: (312) 463-5000 |
| Fax: (312) 214-7715 | Fax: (312) 463-5001 |
| | |
| Adam K. Mortara (6282005) | |
| adam.mortara@bartlit-beck.com | |
| Hamilton H. Hill (6275123) | |
| hamilton.hill@bartlit-beck.com | |
| **BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP** | |
| 54 West Hubbard Street, Suite 300 | |

Chicago, Illinois 60654
Tel: (312) 494-4400
Fax: (312) 494-4440

B. <u>Service</u>. All parties have been served.

C. <u>The Basis for Federal Jurisdiction</u>. Plaintiff asserts federal subject matter jurisdiction based on Plaintiff's claims under 35 U.S.C. § 271 (Patent Infringement) and related statutory provisions. Defendant's counterclaims arise under the Federal Patent Act, 35 U.S.C. §§ 1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

D. <u>Nature of the Claims Asserted in the Complaint, Counterclaims, and Relief Sought</u>.

This is a patent infringement case involving golf clubs. Plaintiff seeks an injunction ordering Defendant to stop infringing the claims of the asserted patent. Plaintiff also seeks money damages for past infringement in an amount that has not yet been determined.

Defendant denies that it infringes the asserted patent. Defendant further denies that the asserted patent is valid. Defendant seeks declaratory judgments that it does not infringe the asserted patent and that the asserted patent is invalid, as well as an injunction ordering Plaintiff to stop asserting charges of alleged patent infringement.

**2. Discovery and other Proceedings to Date**

A. <u>Discovery</u>. The parties have exchanged documents and written discovery. No depositions have been taken. Discovery has been stayed while the Court considers claim construction. There is currently no schedule in place governing discovery or other pretrial dates.

The parties are currently working informally to identify additional accused products (if any) of Nike's products introduced since approximately November 2008.

1. <u>Saso Golf's Position</u>. Nike has promised to provide adequate information from which Saso Golf can identify any additional products that it might accuse. Nike has not yet provided a

date certain as to when it will be produced. When Saso Golf has that additional information, it will analyze the information and identify any additional accused products.

    2. <u>Nike's Position</u>. Notwithstanding the fact Saso Golf can purchase exemplary Nike golf clubs in the market to identify any additional accused products, Nike agreed to work to supplement requested information so that Saso Golf can identify any additional products that it might accuse.

  B. <u>Pending Motions/Briefing Schedule</u>. There are currently pending two cross-motions for clarification of a claim construction order. The claim construction order which the parties are seeking to have clarified issued on November 1, 2010. Dkt. 119. The cross-motions for clarification were filed on February 9, 2011, and briefing was completed on March 17, 2011. Dkt. 123-126, 133 and 134. An order granting the cross-motions issued on September 9, 2013, but it identified a further issue on which the Court requested that the parties file position papers. Dkt. 170. Those position papers were filed on October 8, 2013, November 12, 2013 and November 26, 2013. Dkt. 174, 175 and 180.

    1. <u>Saso Golf's Position</u>. Saso Golf intends to file a motion asking the Court to reassign the case in its entirety back to Judge Chang, or in the alternative, transfer the prior mentioned pending cross-motions for clarification back to Judge Chang for decision, in the interests of judicial economy, as he has already considered all the issues raised therein and decided all but one of them.

    2. <u>Nike's Position</u>. Because it is presently not clear how best to serve the interests of judicial economy, Nike is not prepared to join in Saso Golf's request to again reassign any part of this case. Instead, Nike respectfully suggests this issue should be discussed with the Court at the December 9, 2013, status hearing.

C. <u>Substantive Rulings Issued</u>. There have been two substantive rulings in this case, referred to in Section 2.B. above, both relating to claim construction. The first issued on November 1, 2010 (Dkt. 119) and the second issued on September 9, 2013 (Dkt. 170). The September 9, 2013 Order clarified almost all aspects of the first order.

**3. <u>Trial</u>**

A. Jury trial has been demanded.

B. There is currently no trial date set. At this time, it is not possible to predict or anticipate when a trial date might be set.

C. There is currently no deadline for filing a final pretrial order.

D. <u>Anticipated Trial Length.</u>

1. <u>Saso Golf's Position</u>. As the parties stated in the Initial Joint Status Report, filed on May 7, 2008 (Dkt. 22) at B.2, the trial is anticipated to take five to ten days.

2. <u>Nike's Position.</u> Because only initial written discovery has been completed, Nike believes it is premature to estimate the duration of trial.

**4. <u>Referrals and Settlement</u>**

A. This case is not currently under a referral to a Magistrate Judge for any matter.

B. <u>Settlement Discussions and Status</u>.

1. <u>Saso Golf's Position</u>. The parties held a settlement conference with former Magistrate Judge Nan Nolan on or about May 5, 2009. Plaintiff's representative Mitsuhiro Saso traveled to Chicago from Japan solely for the conference, and a translator was retained on his behalf, thus incurring significant expenses because of the conference.

Judge Chang has encouraged the parties to enter into settlement negotiations, as claim construction is nearly completed and Nike's claim construction and invalidity for indefiniteness

4

arguments to date have been rejected. Nike has updated its sales information on the prior accused products. Saso Golf has requested additional information to determine whether there are any additional products to accuse. If there are, Nike will need to provide sales data on those products before the parties can further discuss settlement.

      2. <u>Nike's Position</u>. The parties held a settlement conference with former Magistrate Judge Nan Nolan on or about May 5, 2009. Nike's in-house patent counsel and Nike Golf's in-house patent counsel both traveled from Portland, Oregon for the conference, and Nike's chief club designer traveled from Fort Worth, Texas for the conference, incurring significant expenses because of the conference.

      Nike disagrees that its claim construction and indefiniteness positions have been rejected.

      Judge Chang has encouraged the parties to enter into settlement negotiations. Nike has updated its sales information on the prior accused products. Notwithstanding the fact that potentially accused Nike golf clubs are publicly available, Saso Golf has requested additional information to determine whether there are any additional products to accuse. If Saso Golf accuses any additional products of infringement, Nike will provide sales data for those products.

  C.  <u>Settlement Conference</u>.

      1. <u>Saso Golf's Position</u>. Now that claim construction is nearly completed, perhaps a further settlement conference would be useful – provided that neither Mr. Saso, nor any other Saso Golf corporate representative, is required to travel to Chicago to attend. *See* Section 4.B.1 above. Saso Golf suggests that a settlement conference take place after the remaining claim construction issue is decided by the Court.

      2. <u>Nike's Position</u>. Nike remains willing to participate in settlement discussions, including a settlement conference, but believes that renewed settlement discussions will only be

productive after the Court completes claim construction, which will impact the scope of infringement, if any, and invalidity of the asserted patent claim. Nike also believes that settlement negotiations will be productive only if representatives from the parties appear in person.

    D. <u>Proceedings Before a Magistrate Judge</u>. Counsel have communicated with their respective clients regarding proceeding before an assigned magistrate judge for all purposes. Both parties have declined to so proceed.

Dated: December 3, 2013

Respectfully submitted,

| Attorneys for Plaintiff Saso Golf, Inc. | Attorneys for Defendant Nike, Inc. |
|---|---|
| /s/Mark K. Suri | /s/ Katherine L. Fink |
| Mark K. Suri (6199636) | Christopher J. Renk (6199012) |
| James D. Ryndak (2435942) | Erik S. Maurer (6275467) |
| Eric H. Weimers (6205977) | Katherine L. Fink (6292806) |
| **RYNDAK & SURI LLP** | **BANNER & WITCOFF, LTD.** |
| 200 West Madison St. Suite 2100 | 10 S. Wacker Drive, Suite 3000 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| Tel: (312) 214-7770 | Tel: (312) 463-5000 |
| Fax: (312) 214-7715 | Fax: (312) 463-5001 |

Adam K. Mortara (6282005)
Hamilton H. Hill (6275123)
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: (312) 494-4400
Fax: (312) 494-4440

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on this 3rd day of December, 2013, in compliance with this Court's rules through the CM/ECF System on all counsel who have registered with such service.

/s/ Mark K. Suri
Mark K. Suri