**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SASO GOLF, INC. | ) | |
| | ) | Civil Action No. 08 C 1110 |
| Plaintiff, | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| NIKE, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**SASO GOLF'S MOTION TO REASSIGN CASE,**
**OR IN THE ALTERNATIVE, TRANSFER PENDING**
**CLAIM CONSTRUCTION CROSS-MOTIONS FOR CLARIFICATION**

Saso Golf, Inc. respectfully moves that this patent infringement case be reassigned in its entirety back to Judge Chang. In the alternative, Saso Golf respectfully moves that the pending claim construction cross-motions for clarification of U.S. Patent No. 5,645,495 be transferred back to Judge Chang for decision, without transferring the remainder of the case. In support of the foregoing, Saso Golf states as follows:

**I. BACKGROUND**

1. **Procedural Posture.**

This patent infringement case has been pending for nearly six (6) years. The third reassignment order issued on November 18, 2013, meaning the case has now been assigned to its fourth judge. Despite the age of the case, it is still in the claim construction phase. Judge Chang, from whom this case was reassigned, had very nearly completed claim construction of the '495 patent. The parties had briefed cross-motions for clarification on claim construction. Judge Chang had granted those motions, issued an order resolving almost all of the issues, and identified one remaining issue for further briefing. This briefing is complete.

**2. Chronology.**

This case was filed on February 22, 2008, and was initially assigned to Judge Blanche Manning. *See* Dkt. 1. The parties initially fully briefed claim construction by November 20, 2009. *See* Dkt. 79, 80, 96 and 97. Before ruling on claim construction, Judge Manning retired.

On February 2, 2010, the case was reassigned for the first time to Judge Harry Leinenweber. *See* Dkt. 108. Judge Leinenweber ruled on the claim construction motions. *See* Dkt. 119, November 1, 2010, Memorandum Opinion and Order.

On January 7, 2011, this case was reassigned for the second time, this time to Judge Edmond Chang. *See* Dkt. 120. At a January 19, 2011 status hearing, the parties identified an issue with the claim construction order that both parties agreed needed clarifying. *See* Dkt. 122. Judge Chang gave leave to the parties to file cross-motions to clarify. *Id.* These cross-motions were fully briefed by March 17, 2011. *See* Dkt. 123-126, 133 and 134.

On September 9, 2013, Judge Chang issued his Memorandum Opinion and Order granting the motions to clarify, but ordered the parties to file position papers on one additional and specific claim construction issue. *See* Dkt. 170 at 20. It is apparent that Judge Chang has already considered to some degree that specific remaining claim construction issue. *Id.* at 14, 20.

The filing of the position papers regarding that one additional issue is complete. *See* Dkt. 174, 175 and 180.

On November 18, 2013, this case was reassigned for the third time, this time to Judge Andrea Wood. *See* Dkt. 176.

## II. ARGUMENT

1. <u>**This Case Should Be Reassigned To Judge Chang For Judicial Economy And To Conserve The Parties' Resources.**</u>

To resolve the parties' cross-motions to clarify the claim construction, Judge Chang had to analyze and evaluate over seventeen hundred (1,700) pages of the parties' claim construction briefs, exhibits and affidavits. Judge Chang had the cross-motions under consideration for two and a half years, and ultimately rendered a thorough and significant opinion construing almost all of the claim elements. Judge Chang has considered all of the claim construction issues, but decided to obtain the parties' input before deciding one last issue. That extensive work has given Judge Chang a detailed understanding of this case. It will enable him to handle future issues without spending substantial time becoming familiar with specific facts and legal issues unique to this case. A new judge would have to repeat all of Judge Chang's legal and technical work just to get to the point where Judge Chang is now. This would impose a substantial burden on Judge Wood and result in a needless and substantial waste of judicial resources, the parties' resources in terms of legal fees and would likely further delay the case.

Judge Chang was about to complete claim construction of the '495 patent. He had analyzed and construed the many claim terms in dispute. *See* Dkt. 170. In his claim construction analysis, Judge Chang identified one remaining issue which he considered, but determined that "neither party briefed during the claim-construction phase." *See id.* at 20, n.11. Judge Chang stated "[R]ather than try to answer these questions without the benefits of the parties' views, the Court orders each side to file position papers on the issue." *Id.* at 20. Thus, Judge Chang was in the midst of deciding all the construction issues and was almost finished. The last position paper was filed on November 26, 2013, and a status hearing (now vacated) had been set on the matter. Judge Chang is uniquely prepared to move forward in this case.

3

**2. The Court's Rules Counsel Against Three Reassignments Of A Case.**

The comments to Local Rule 40.1 state "A civil case that was twice previously reassigned to form a new calendar cannot be reassigned a third time for that reason." LR 40.1, Committee Comments. The Court's internal operating procedures explain the reasoning behind the rule:

> The restriction of the number of times a case can be reassigned to form an initial calendar is a compromise between the goal of providing the new judge with a calendar which is an accurately reflection of an average calendar and the need to keep disruptive reassignments to a minimum. Experience showed that without such a limit a large proportion of the oldest cases being reassigned had been reassigned more than three times to make up an individual calendar system. The Court agreed to limit the number of such reassignments to two per case. IOP 16, Committee Comment (e), 4th ¶.

Thus, IOP 16 has at least some built-in safeguards to limit the number of disruptive reassignments of a case. While the rule by its terms is limited only to reassignments "to form a new calendar," *i.e.*, reassigned to a newly appointed judge, the rationale to "keep disruptive reassignment to a minimum" applies to any reassignment. Of course there may be circumstances that make reassignment unavoidable, for example, a judge's retirement, like Judge Manning, or a judge's passing, like Judge Hibbler, but these circumstances are not present with this third reassignment.

The court's experience that the oldest cases get reassigned the most is reflected here. The present case is the one of the oldest cases on the new calendar for Judge Wood, and it has been reassigned three times. The reason for limits on reassignability – to minimize "disruptive reassignments" – is applicable here. This case should not have been reassigned from Judge Chang.

4

Other courts in this district have recognized the harm and disruption to ongoing cases caused by reassignment to new judges:

> Although in this district older cases can be reassigned to a new judge, with a resulting loss of judicial economy and incurrence of considerable additional costs by the parties, there are reasons why such reassignments are permitted. The principal reason is the commitment of this district to random assignment of cases to judges. But no one can deny that the parties would have to incur substantial additional costs educating a new judge in this complex litigation, and there would be substantial additional costs to the new judge to whom the case would be reassigned.

*In re Indus. Gas Antitrust Litig.*, 80 C 3479, 1985 WL 2869 *6 (N.D. Ill. Sept. 24, 1985). In that case, Judge Getzendanner refused to recuse herself and reassign a case because of the significant disruption to the case if it were reassigned, the waste of judicial resources and the burden on the parties. *Id.* Judge Getzendanner refused to reassign the case despite a *per se* statutory requirement for her recusal in her circumstances. *Id.* at *2.

3. **The Court's Procedures Expressly Permit This Case To Be Reassigned Back To Judge Chang.**

The Court's local rules and internal operating procedures expressly allow the judges to agree to reassign cases to one of them. IOP 13(d) states: "Where two or more judges agree that the reassignment of one or more cases to one of them will enable the case or cases to be more efficiently administered and will save judicial time, the cases involved may be transferred to the Executive Committee with a request for such reassignment." IOP 13(d). Here, such a reassignment would enable the case to be more efficiently administered and will save significant judicial and parties' resources and time.

For all of the foregoing reasons, Saso respectfully requests that Judge Wood and Judge Chang transfer the case to the Court's Executive Committee and request reassignment of the case to Judge Chang.

4. **<u>Alternatively, The Partially Decided Claim Construction Cross-Motions for Clarification Should Be Transferred To Judge Chang For Decision Without Reassigning The Case</u>.**

Even if Judge Wood decides to keep this case, Saso respectfully requests that the pending partially decided claim construction cross-motions for clarification (Dkt. 123-126, 133, 134, 174, 175, and 180) be transferred to Judge Chang for decision, for all the reasons discussed above. Again, the Court's local rules and internal operating procedures expressly permit judges to agree between themselves to have a different judge decide a particular motion. *See* IOP 13(h) ("A judge may with the agreement of the receiving judge transfer one or more pending motions to be ruled upon by the receiving judge without transferring the case."). As noted above, Judge Chang has already spent significant time and effort analyzing and deciding the cross-motions to clarify the original claim construction Order. After considering all the issues, Judge Chang specifically asked the parties to address one remaining claim construction issue, which he noted the parties had not yet briefed. The briefing on that one last issue was completed on November 26, 2013, when Saso filed its reply position paper. *See* Dkt. 180.

The present situation, where almost all of the issues presented in the pending motions have already been decided and ruled on by the prior judge, is precisely the type of situation where the decision should be completed by the prior judge. This is especially true where the subject matter involves both legal and technical issues.

Saso respectfully requests that Judge Wood and Judge Chang agree to transfer the pending claim construction cross-motions for clarification (Dkt. 123-126, 133, 134, 174, 175, and 180) to Judge Chang for decision.

### III.  CONCLUSION

For the reasons set forth above, Saso Golf respectfully requests that the Court transfer the case to the Executive Committee with a request that the case in its entirety be reassigned back to Judge Chang.  In the alternative, Saso Golf respectfully requests that by agreement between Judge Wood and Judge Chang, that Judge Wood transfer the pending motions (Dkt. 123-126, 133, 134, 174, 175, and 180) to Judge Chang for decision.

Dated:  December 3, 2013 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/Mark K. Suri
　　　　　　　　　　　　　　　　　　　　　　　James D. Ryndak (2435942)
　　　　　　　　　　　　　　　　　　　　　　　Mark K. Suri (6199636)
　　　　　　　　　　　　　　　　　　　　　　　Eric H. Weimers (6205977)
　　　　　　　　　　　　　　　　　　　　　　　**RYNDAK & SURI LLP**
　　　　　　　　　　　　　　　　　　　　　　　200 West Madison St. Suite 2100
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　　Tel:  (312) 214-7770
　　　　　　　　　　　　　　　　　　　　　　　Fax:  (312) 214-7715

　　　　　　　　　　　　　　　　　　　　　　　Adam K. Mortara (6282005)
　　　　　　　　　　　　　　　　　　　　　　　Hamilton H. Hill (6275123)
　　　　　　　　　　　　　　　　　　　　　　　**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
　　　　　　　　　　　　　　　　　　　　　　　54 West Hubbard Street, Suite 300
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　　　　Tel:  (312) 494-4400
　　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 494-4440

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　Saso Golf, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on this 3rd day of December, 2013, in compliance with this Court's rules through the CM/ECF System on all counsel who have registered with such service.

/s/ Mark K. Suri
Mark K. Suri